OPINION IN LATTA v. FOWLKES, REFERRED TO IN THE ABOVE OPINION OF THE COURT.

DEADERICK, Ch. J. On a former day of this term the judgment in this case was reversed from the bench, and defendant has presented a petition to rehear.

The record shows that in January, 1876, one H. B. Fowlkes conveyed in trust to plaintiff, to secure certain debts, amongst other things a certain mare then in foal; that the property conveyed in trust remained in possession of the maker of the deed, it having been registered immediately after its execution.

On June 29, 1877, said H. B. Fowlkes executed a deed of trust upon the produce of the mare conveyed to Latta, and on other property, to secure Benton & Nichols certain indebtedness due to them, they not knowing that the colt was the foal of the mare conveyed in trust to Latta. After the deed to secure Benton & Nichols, the possession of the property remained undisturbed with said H. B. Fowlkes, he supposing that the increase belonged to him, and that he could convey to Benton & Nichols. This deed was registered at the date of its execution.

On October —, 1878, Benton & Nichols sold this colt and three others to defendant, Arthur Fowlkes, and his brother, and they gave their notes in payment, and also gave a deed of trust on the colts to secure them. They have paid half the purchase money, and owe the balance. In the division of the colts, the one in controversy fell to defendant, Arthur, and he took possession of him, claiming him as his own. He knew of the deed to Latta, and that the colt he claims was the foal of the mare conveyed in the trust deed to Latta. Latta did not know that the mare conveyed to him had had a colt until a short time before he began this action, in which he replevied the colt from defendant, it still remaining with H. B. Fowlkes, who was holding it for his brother, the defendant. Latta had no notice of any adverse claim to any of the property conveyed to him, or to its increase, until shortly before he began his suit.

This cause was submitted to the Judge without a jury, and he found that the defendant was entitled to the colt, which, by the time the suit was begun, was four years old, and gave judgment for his value, to be satisfied by his return, and plaintiff appealed to this Court.

Upon these facts, it appears that the possession of the said H. B. Fowlkes of the dam of the colt was retained by him in subordination to the right conveyed in said deed, and that, although not so expressly declared in the deed, the foal followed the

Latta *v.* Fowlkes.

condition of the dam and the trust attached to it; and no adverse claim was ever set up by H. B. Fowlkes to the dam, which was left in his possession by consent of the trustee, but subject to his legal rights under the deed, and no claim was ever made to said trustee of right to said foal adverse to him, until shortly before he replevied the same.

The conveyance of the said colt in trust to secure another debt, is not necessarily an adverse claim, as it might well be done in subordination to the original trust deed. The possession still remained with H. B. Fowlkes, the original bailee, who was holding for the trustee, and no notice of adverse holding was given to him. Even if H. B. Fowlkes did think the colt belonged to him, he admitted the trustee's right to the dam, and did not communicate to the trustee that he held the colt adversely.

The said Benton & Nichols were not innocent purchasers, nor was defendant, who purchased from or under their claim. The deed to Latta was registered, and was constructive notice to all, and defendant also had actual notice of its provisions, and that the colt was the foal of a mare conveyed in that deed. Besides, Benton & Nichols were not purchasers, and had but a lien to secure a pre-existing debt, the possession of the colt remaining in H. B. Fowlkes.

The petition to rehear will be dismissed, and judgment below will be reversed, and judgment will be rendered here for plaintiff.